NOT DESIGNATED FOR PUBLICATION

No. 113,054

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ADAM BARTLING,
*Appellant*,

v.

SAM CLINE *et al.*,
*Appellees*.

MEMORANDUM OPINION

Appeal from Butler District Court; JOHN E. SANDERS, judge. Opinion filed April 29, 2016. Reversed and remanded.

*Adam Bartling*, appellant pro se.

*Michael J. Smith*, of Kansas Department of Corrections, of El Dorado, for appellees.

Before STANDRIDGE, P.J., BUSER and SCHROEDER, JJ.

BUSER, J.:  Adam Bartling, an inmate at the El Dorado Correctional Facility (EDCF), appeals the summary dismissal of his pro se K.S.A. 60-1501 petition. Bartling alleges the Hutchinson Correctional Facility (HCF), where he was previously incarcerated, deprived him of personal property without due process of law. We reverse the district court's summary dismissal and remand for further proceedings.

1

Bartling possessed items of personal property while incarcerated at HCF. On or about March 28, 2010, Bartling was transferred from HCF to EDCF. A few days later, on April 7, 2010, Bartling filed a property claim (2010 property claim) with HCF prison authorities. In the claim, Bartling alleged the several items of personal property belonging to him were not transferred from HCF to EDCF when Bartling was transported to EDCF. Although there are several documents attached to the affidavit Bartling filed with the district court in which staff at HCF and EDCF acknowledge the 2010 property claim Bartling filed with HCF officials, the actual property claim document is not in the record on appeal.

On July 30, 2010, an EDCF officer responded in writing to a written communication from Bartling inquiring into the status of his 2010 property claim. The EDCF officer acknowledged that on July 27, 2010, Bartling had written EDCF prison officials complaining about "property claims with no responses." In particular, the prison official wrote: "I am also aware that you have filed a property claim against [HCF] and *perhaps have not received an official response*." (Emphasis added.) The EDCF official continued:

> "Property claim status—I have communicated to Ms. Emery who advises that HCF has the property claim *but* [*has*] *not taken action on it yet.* You have been advised several times of HCF's position on the property claim but I will advise you once again. HCF is alleging that your property was received by circumventing the system and that most of the items are not being returned to you because you should not have been issued them to begin with. Your claim is with them and not with EDCF and it is difficult for your counselor to effectively assist you. Communication from one party to another and back again loses much in the translation and that is why we stated that it would be better for you to deal directly with HCF in written communication so you know exactly what is going on. *I have however, emailed them with regard to the status of your property claim against them* and will advise you of any answer I receive.

"Please know that we experience much the same frustration. We cannot move another facility to action any faster and are in the position of *waiting on them for disposition of the matter*. I will advise you of any information I receive from my email." (Emphasis added.)

Over the next 3 years, Bartling repeatedly attempted to gain relief regarding his 2010 property claim filed against HCF through the grievance procedure at EDCF. On May 21, 2013, an EDCF officer informed Bartling:

"I am responding to your grievance filed in regards to [the 2010] property claim against HCF [which alleges] I did not resolve the issue. I do understand your frustrations, but the fact of the matter is, the claim was against HCF and EDCF had no part on the decision making and still doesn't. You have been advised many times to formally write HCF in regards to this issue or the lawyer whom [*sic*] was working your case at that time. I have found documentation where you have been notified in regards to your property and its removal.
"EDCF has no involvement in the decision making on this situation, the claim was against HCF and the decision was made by HCF."

Although this written communication states that a "decision was made" by HCF regarding his 2010 property claim, there is no evidence in the record to support this statement. In fact, we find the evidence in the record supports an inference that Bartling never received a final determination from HCF resolving his 2010 property claim.

Utilizing the grievance procedure within the institution, Bartling appealed from the EDCF's refusal to become involved in helping him to resolve his 2010 property claim. On May 31, 2103, the EDCF warden refused to take action on his grievance. On June 17, 2013, the Secretary of Corrections also refused to take action, finding the "response rendered to the inmate by staff at the facility is appropriate."

3

At some point prior to October 25, 2013, Bartling was directed by prison staff to refile his 2010 property claim against HCF. Bartling complied with this directive on October 25, 2013 (2013 property claim). In the 2013 property claim, which is in the record, Bartling alleged he was deprived of his personal property "[b]etween 2/5/08 and 1/10/11" in "various locations at HCF: clinic, property, BI, B2, A1-2." Bartling asserted HCF was "negligent due to all missing items being under the control of staff when loss occurred." The property claim listed the items taken as six cans of Gatorade, one watch, one set of headphones, one pair of shower shoes, four magazines, and one pen, totaling $93.49.

On December 19, 2013, an HCF officer responded to the 2013 property claim:

"In this property claim you have not presented any information on how the staff of HCF . . . is negligent in the handling of your property. According to KAR 44-16-102 you will find that a claim shall be filed within 15 working days of the discovery of the Loss. Furthermore it also states that the Warden shall not be required to accept any claim at all if both of the following conditions are met:

"1. The claim is submitted later than one year and one day after the date of loss, regardless of when the loss was recovered.

"2. The inmate could have discovered the loss by exercising reasonable effort to know the status of the inmate's property and money. . . .

"With this information this claim is being returned to you without being investigated and will not be investigated in the future."

On March 4, 2014, Bartling filed this K.S.A. 60-1501 petition in Butler County District Court. Bartling itemized the missing property as set forth in the 2013 property claim and asked for a hearing, alleging "this is a case of mistreatment and denial of adequate protections" done with an intent to deny him "his property without due process." On April 24, 2014, the district court summarily dismissed the petition because the "[s]tatute of limitations has run on [Bartling]'s property claims." Bartling appeals.

4

SUMMARY DISMISSAL OF THE K.S.A. 60-1501 PETITION

Bartling appeals the district court's summary dismissal of his K.S.A. 60-1501 petition. Bartling asserts "[t]he original property claim of April 7, 2010, was never processed, throughout the time-frame of this case, prison investigators/staff met with inmate several times to agree on ways and methods of payments/property replacements to resolve the claim, none of them were followed through with." The State counters that "the district court was correct when it determined that [Bartling's 2013] property claim was untimely" based on the 1 year and 1 day time limitation for an inmate to internally report to the institution that he or she suffered a loss of personal property. Alternatively, the respondents assert that, although it did not do so, the district court could have summarily dismissed Bartling's K.S.A. 60-1501 petition as untimely based on the 1 year time limitation for filing habeas actions such as this.

When determining whether a K.S.A. 60-1501 petition states a claim for relief, district courts examine the petition and the contents of any attachments to determine if the petition alleges "shocking and intolerable conduct or continuing mistreatment of a constitutional nature." *Schuyler v. Roberts*, 285 Kan. 677, 679, 175 P.3d 259 (2008). The district court is entitled to summarily dismiss a K.S.A. 60-1501 petition "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief in the district court." K.S.A. 2015 Supp. 60-1503(a).

Appellate courts apply de novo review to a district court's summary denial of a K.S.A. 60-1501 claim. *Johnson v. State*, 289 Kan. 642, 649, 215 P.3d 575 (2009). We are required to accept as true the allegations in the petition to determine whether the facts alleged and the reasonable inferences that can be drawn from them state a claim for relief. *Schuyler*, 285 Kan. at 679; see also *Hill v. Simmons*, 33 Kan. App. 2d 318, 320, 101 P.3d 1286 (2004) (court must determine whether a claim is stated on any possible theory, not just the theory asserted by petitioner). On appeal, our review of the district court's ruling

is unlimited. See *Johnson*, 289 Kan. at 648 (summary dismissal); *State v. Meza*, 38 Kan. App. 2d 245, 247, 165 P.3d 298 (statute of limitations), *rev. denied* 285 Kan. 1176 (2007).

In resolving this appeal, we focus our attention on the rationale given by the district court for its summary dismissal—that the "[s]tatute of limitations has run on [Bartling]'s property claims." The respondents argue this judicial conclusion is "no surprise" because K.A.R. 44-16-102 provides that a property claim "must be made within one year of the date of the loss. The claim was untimely." Although we question whether the 1-year time period referenced in K.A.R. 44-16-102 is properly considered a statute of limitation, it appears the district court characterized it in this way.

Administrative regulations have the force and effect of law. K.S.A. 77-425. The governing administrative regulation cited by the State, and presumably the basis for the district court's ruling, K.A.R. 44-16-102, states:

> "(a) Each inmate shall report every loss of or damage to the inmate's own property immediately. In reporting property damage or loss, inmates shall use applicable avenues of redress as established by internal management policies and procedures. These procedures shall be strictly followed.
>
> "(b) The facility warden shall not be required to accept any property loss or damage claim unless it is made within 15 working days of the discovery of the loss. *The warden shall not be required to accept any claim* at all if both of the following conditions are met:
>
> (1) *The claim is submitted later than one year and one day after the date of the loss*, regardless of when the loss was discovered.
>
> (2) The inmate could have discovered the loss by exercising reasonable effort to know the status of the inmate's property and money." (Emphasis added.)

As noted earlier, this regulation was cited by an HCF official to justify the institution's refusal to conduct any type of investigation into the alleged property loss.

6

There is no dispute here that the 2013 property claim was untimely based on the 1 year and 1 day time limitation for an inmate to internally report to the institution that he or she suffered a loss of personal property. Significantly, however, Bartling's 2013 property claim reiterates many of the property claim allegations in his 2010 property claim. In fact, on appeal, Bartling refers to the 2013 property claim as the "refiled" property claim of 2010. Moreover, the respondents acknowledge Bartling's coupling of the 2010 property loss with the 2013 property claim. Respondents state: "Accepting [Bartling]'s premise as true, some undescribed personal property may have failed to be transferred from HCF to EDCF in March, 2010. [Bartling] was aware of the loss and asserts that he followed the appropriate policy by submitting a property claim form."

We agree with the respondents' characterization of Bartling's current claim. The crux of Bartling's complaint is that in 2010, upon learning that some of his personal property was not transferred from HCF to EDCF, he filed the 2010 property claim using appropriate procedures but never received a final determination from HCF about his claim. As presented by Bartling, this failure by prison authorities ultimately resulted in the "refiling" of the 2010 property claim in 2013 and later, the filing of the present K.S.A. 60-1501 petition.

The respondents challenge Bartling's claim that the 2010 property claim and the 2013 property claim are merely two components of a "three-year periodic inquiry about the HCF claim." They assert "[t]he record is silent as to what response HCF made to any inquiries during the three years." Notwithstanding the respondents' assertion, they readily acknowledge the written communication dated July 30, 2010, in which an EDCF officer confirmed that "HCF has the property claim but [has] not taken action on it yet." The officer further stated that he had emailed HCF "with regard to the status of your property claim against them and [that he would] advise [Bartling] of any answer [he received]." The officer concluded that, just like Bartling, EDCF was "in the position of waiting on [HCF] for disposition of the matter."

7

In our view, the July 30, 2010, communication supports Bartling's allegation that, as of July 30, 2010, EDCF officials were aware HCF had failed to provide Bartling with an official response regarding the status of its investigation or a decision on the 2010 property claim. And our review of the documents in the record dated after July 30, 2010, reveals no HCF correspondence denying Bartling's 2010 property claim. Accordingly, the 2010 property claim was still pending when Bartling filed the 2013 property claim based on the same factual premise: that he was deprived of his personal property when he was transferred from HCF to EDCF. Given Bartling's assertion that prison officials affirmatively directed him in 2013 to "refile" his 2010 property claim in order to revive the inquiry into his lost property and, in turn, induce a decision on the underlying merits, we question the district court's summary dismissal of Bartling's K.S.A. 60-1501 petition based on the inmate's failure to comply with K.A.R. 44-16-102's requirement that a property claim must be filed within 1 year and 1 day of the property loss.

Because Bartling is a pro se plaintiff, we are required to construe his pleadings liberally. See *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004). A liberal reading of Bartling's K.S.A. 60-1501 petition suggests that he intended his 2013 property claim to allege that he was deprived of his property in 2010 without being provided the requisite procedural due process to which he was constitutionally entitled and, despite exhausting his administrative remedies, his claim has not yet been resolved. Given his allegations, we find that Bartling was entitled to a hearing on his petition for relief filed pursuant to K.S.A. 60-1501. Bartling complied with K.A.R. 44-16-102 by filing a property claim in 2010 shortly after the alleged property loss and the 2010 property claim has not yet been finally resolved; thus, we construe the 2013 property claim as a request to finally determine the unresolved matter of Bartling's 2010 property loss. Construed this way, and based on the unique facts presented in this particular case, we are persuaded the district court erred in concluding that "it plainly appears from the face of the petition and any exhibits attached thereto that the plaintiff is not entitled to relief in the district court." K.S.A. 2015 Supp. 60-1503(a). Accordingly, we reverse the decision of the district court

to summarily dismiss Bartling's petition and remand the matter for further proceedings under K.S.A. 60-1501.

Before closing, we briefly address the respondent's argument that there is an alternative basis to justify dismissal of the case and affirm the district court's decision. Specifically, the respondents claim the district court could have dismissed Bartling's K.S.A. 60-1501 petition for relief as untimely because it was filed more than 30 days after HCF denied his 2013 property claim. Based on the limited information in the appellate record and the lack of any factual findings or legal conclusions by the district court on this issue, we will not address respondent's argument that there is an alternative basis to justify dismissal of the case and affirm the district court's decision.

Reversed and remanded.