NOT DESIGNATED FOR PUBLICATION

No. 116,023

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID ANDREW STEVENSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Gove District Court; EDWARD E. BOUKER, judge. Opinion filed November 9, 2017.
Affirmed.

*David Stevenson*, appellant pro se.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM: David Andrew Stevenson was convicted of premeditated first-degree murder of his father. After his direct appeal failed, Stevenson subsequently filed a habeas corpus motion pursuant to K.S.A. 2016 Supp. 60-1507. Stevenson now appeals from the decision of the Gove County District Court denying him relief. Finding no error in the district court's decision, we affirm.

1

FACTS

The Kansas Supreme Court summarized the underlying facts of Stevenson's direct appeal as follows:

"The State charged Stevenson with the March 13, 2008, premeditated first-degree murder of his father, Walter. Walter was found dead after being crushed by a hydraulic truck bed. The State presented evidence that Walter had been incapacitated by blows to his head before he suffered crushing injuries consistent with being pinned by the bed of the truck. The State's theory was that Stevenson and his father had been arguing and Stevenson murdered his father in order to gain control over the family farm and money in a family trust.

"To present evidence that some injuries had been inflicted before Walter was crushed, the State established there was blood spatter in areas other than where Walter was found; there had been an attempt to clean up blood; there was blood under a puddle of oil that had been spilled some distance from the truck; and there was blood on a hammer. These various blood stains matched Walter's DNA. In addition, the State presented the coroner's opinion that some injuries were inconsistent with the type of crushing force that would be expected if the truck's hydraulics had failed and that those injuries had been administered while Walter was still alive. Further, other experts opined there was no physical evidence of a catastrophic hydraulic failure, such as leaked fluid.

"The State pointed to Stevenson as the person who had killed Walter by presenting evidence of motive; establishing that Stevenson was the person who found Walter; presenting evidence of Stevenson's 'odd' reaction to his father's death, such as 'acting like he was crying'; establishing that Stevenson gave inconsistent statements; and proving inconsistencies between his version of events and the physical evidence. The State also established that Stevenson had no blood on his clothes, which made Stevenson's statement that he had attempted to free his father from the truck improbable given the large amount of blood loss at the scene.

"In his defense, Stevenson presented expert testimony establishing that Walter's injuries and the blood spatters were consistent with an accidental hydraulic failure. Stevenson also presented evidence of his activities that day in an effort to show he lacked the opportunity to have killed his father and staged the accident. Further, the defense

2

experts and defense counsel attempted to cast doubt regarding whether it was possible to stage such an elaborate scene. For example, they opined it would be difficult to position Walter where he could be crushed under the truck bed if he had already been struck and rendered unconscious.

"The jury convicted Stevenson of one count of premeditated first-degree murder. At sentencing, Stevenson received a life sentence without possibility of parole for 25 years." *State v. Stevenson*, 297 Kan. 49, 50-51, 298 P.3d 303 (2013).

On May 20, 2013, Stevenson filed a 150-page pro se motion for writ of habeas corpus in which he raised 27 grounds for relief. The district court appointed attorney Charles Worden to represent Stevenson in his 60-1507 motion. Prior to the pretrial conference, Worden filed a pretrial questionnaire, an amended pretrial questionnaire, and a second amended questionnaire on Stevenson's behalf. The second amended questionnaire included additional claims regarding ineffective assistance of counsel based upon the alleged failure of Stevenson's court-appointed trial attorney to investigate and prepare an adequate defense.

On the day of the pretrial conference, Stevenson filed a pro se pleading entitled "Pro Se Supplement to His K.S.A. 60-1507 Motion Filed on May 20, 2013." In this pleading he raised additional grounds for relief, including *Brady* violations and additional ineffective assistance of counsel claims. See *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970).

At the pretrial conference, Worden stated that the new claims in the second amended pretrial questionnaire he filed were intended to replace the claims made in Stevenson's original motion. The State objected to Stevenson adding additional claims to his motion through the pretrial questionnaire or supplemental pleadings. The district court granted Stevenson leave to amend his motion to add the new claims but stated that the timeliness of such claims would be determined after the evidentiary hearing.

3

The district court held an evidentiary hearing on Stevenson's 60-1507 motion on April 20-21, 2015. Stevenson called 14 witnesses; the State called one witness. Both sides admitted several exhibits. After taking the matter under advisement, the district court issued a detailed and comprehensive 28-page order denying Stevenson relief. Specifically, the district court held it did not have jurisdiction over 11 of Stevenson's claims and dismissed them. The court also dismissed five other claims because they were not filed within the required timeframe. On the remaining claims, the district court held that Stevenson did not meet his burden and denied relief.

Stevenson has timely appealed.

ANALYSIS

On appeal, Stevenson argues that the district court erred in denying his 60-1507 motion. He also argues the district court erred in denying his motion for DNA testing of his father's coveralls. These two arguments will be addressed in turn.

*Denial of Stevenson's K.S.A. 60-1507 claims of trial error*

Stevenson first argues that the district court erred when it denied him relief on his 60-1507 motion after an evidentiary hearing. Specifically, Stevenson alleges the following errors:  (1) his trial counsel was ineffective when counsel failed to present any evidence regarding unanswered phone calls made to Stevenson's father; (2) the State committed a *Brady* violation when it did not turn over cell phone records; (3) his trial counsel was ineffective when counsel failed to impeach a witness' testimony; (4) his trial counsel was ineffective when counsel failed to challenge the State's timeline; (5) his trial counsel was ineffective when counsel failed to call a favorable witness; (6) his trial counsel was ineffective when counsel failed to object to the State's closing arguments; (7) prosecutorial error occurred when the State failed to correct testimony it knew to be false;

4

(8) prosecutorial error occurred when the State failed to inform Stevenson that witnesses would be testifying differently; and (9) prosecutorial error occurred when the State vouched for a witness' credibility during closing argument.

A district court has three options when handling a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

The standard of review depends upon which of these options a district court utilizes. 300 Kan. at 881.

After a full evidentiary hearing on a K.S.A. 60-1507 motion, such as was conducted in this case, the district court must issue findings of fact and conclusions of law concerning all issues presented. Supreme Court Rule 183(j) (2017 Kan. Ct. R. 222). An appellate court reviews the district court's findings of fact to determine whether they are supported by substantial competent evidence and are sufficient to support the district court's conclusions of law. Appellate review of the district court's ultimate conclusions of law is de novo. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013).

However, fatal to all of Stevenson's alleged trial errors is his failure to include in the record on appeal the transcript of the proceedings surrounding his underlying trial and conviction.

The party claiming an error occurred has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, an appellate court presumes the action of the trial court was proper. *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015). Moreover, "[w]here an appellant has failed to procure an official transcript or abstract the testimony of record or reconstruct it in some accepted manner, this court will not review any action of the trial court requiring an examination of the evidence." *First Nat'l Bank & Trust Co. v. Lygrisse*, 231 Kan. 595, Syl. ¶ 9, 647 P.2d 1268 (1982).

Additionally, Kansas Supreme Court Rule 6.02(a)(4) (2017 Kan. S. Ct. R. 34-35) states:

> "(a) **Required Contents**. An appellant's brief must contain the following:
>
> . . . .
>
> "(4) A concise but complete statement, without argument, of the facts that are material to determining the issues to be decided in the appeal. The facts included in the statement must be keyed to the record on appeal by volume and page number. The court may presume that a factual statement made without a reference to volume and page number has no support in the record on appeal."

See *State v. Kettler*, 299 Kan. 448, 465, 325 P.3d 1075 (2014) ("Appellate courts 'will not independently search the record and guess which specific facts [appellant] believes support his general allegations.'") (quoting *State v. Bryant*, 285 Kan. 970, 977, 179 P.3d 1122 [2008]).

Therefore, we may presume that Stevenson's factual statements concerning the criminal trial transcript are not supported. Because of this omission, Stevenson cannot shoulder his burden in showing prejudicial error based on the record on appeal, and any review of these issues by this panel is precluded by the insufficient record on appeal. See *State v. McCullough*, 293 Kan. 970, 999, 270 P.3d 1142 (2012) ("The party claiming an error occurred has the burden of designating a record that affirmatively shows prejudicial

error."); *Baker v. State*, No. 110,874, 2014 WL 5616606, at *7 (Kan. App. 2014) (unpublished opinion) ("[W]e are handicapped in trying to address this issue because of the lack of an adequate record. . . . As the petitioner for relief under K.S.A. 60-1507 and the appellant, Baker has the duty to proffer a complete record on all matters for which he seeks review because it is the appellant's burden to designate a record sufficient to support the claimed error[s]. Baker's failure is consequential. In the absence of such a record, we presume the district court acted properly. [Citations omitted.]").

Because Stevenson has failed to supply us with the trial record, it is impossible for us to properly consider his claims, and his claims of alleged trial errors are dismissed.

*Denial of DNA testing of the victim's coveralls*

Second, Stevenson argues that the district court erred when it denied his request for DNA testing pursuant to K.S.A. 21-2512. It appears Stevenson's request for DNA testing of his father's coveralls to ensure Stevenson's DNA is not on them has been addressed on three separate occasions: (1) in Stevenson's 60-1507 motion, (2) in a separate motion filed in his underlying criminal case, and (3) in a motion filed after the denial of his 60-1507 motion entitled "Motion to Alter Judgment, Motion for DNA Testing, Request for Order of Reenactment of State's Theory, and Motion to Stay Proceedings and Judgment."

1. *Stevenson's DNA request in his 60-1507 motion*

Stevenson raised the issue of DNA testing in both his original 60-1507 motion and his second amended pretrial questionnaire. He argued it was ineffective assistance of counsel for his trial counsel not to request DNA testing of the coveralls. When ruling on this issue after the evidentiary hearing on Stevenson's 60-1507 motion, the district court held:

"This claim can best be addressed by considering the petitioner's duty under the prejudice prong of the *Strickland* analysis.

"At the evidentiary hearing the petitioner did not produce evidence of DNA testing of the coveralls. He therefore cannot show that failure to obtain DNA testing would have produced a different result at his criminal trial had [his counsel] obtained DNA test results. Thus, even if it is assumed for the sake of argument that [his counsel] was deficient in failing to seek DNA testing, the petitioner has failed to prove what is required by the second prong of the *Strickland* analysis.

. . . .

"In this regard, it should be noted that at the end of the second day of the evidentiary hearing the court inquired of the petitioner as to the status of another case he had filed in Gove County District Court seeking DNA testing under K.S.A. 21-2512. Mr. Stevenson announced to the court that he wished to withdraw his request for testing."

A claim alleging ineffective assistance of counsel presents mixed questions of fact and law. When the district court conducts a full evidentiary hearing on such claims, we must determine whether the district court's findings are supported by substantial competent evidence and determine whether the factual findings supported the court's legal conclusions; appellate courts apply a de novo standard to the district court's conclusions of law. *Fuller v. State*, 303 Kan. 478, 485, 363 P.3d 373 (2015).

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) that the performance of defense counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]).

Here, in light of the missing trial transcript, it appears the district court did not err in its above holding. Stevenson failed to show at the evidentiary hearing on his 60-1507

8

motion that there was a reasonable probability the jury would have reached a different result absent the deficient performance.

However, "K.S.A. 60-1507 motions should be liberally construed to include a request for DNA testing if the petitioner's request complies with the statutory requirements of K.S.A. [] 21-2512." *Bruner v. State*, 277 Kan. 603, Syl. ¶ 2, 88 P.3d 214 (2004). "The summary denial of a request for DNA testing under K.S.A. 21-2512 presents a question of law over which this court has unlimited review. Additionally, the interpretation of a statute is a question of law over which appellate courts have unlimited review. [Citations omitted.]" *State v. Lackey*, 295 Kan. 816, 819-20, 286 P.3d 859 (2012).

The relevant provisions of K.S.A. 21-2512 are as follows:

"(a) Notwithstanding any other provision of law, a person in state custody, at any time after conviction for murder as defined by K.S.A. 21-3401, and amendments thereto, or for rape as defined by K.S.A. 21-3502, and amendments thereto, may petition the court that entered the judgment for forensic DNA testing (deoxyribonucleic acid testing) of any biological material that:
 (1) Is related to the investigation or prosecution that resulted in the conviction;
 (2) is in the actual or constructive possession of the state; and
 (3) was not previously subjected to DNA testing, or can be subjected to retesting with new DNA techniques that provide a reasonable likelihood of more accurate and probative results."

Stevenson's K.S.A. 60-1507 motion states:

"[I]t would be very difficult if not impossable [*sic*] to place a body weighing 170 pounds in the position that it had to be to recieve [*sic*] the injuries that inflected [*sic*]. For this reason a demonstration is needed to show that it cen [*sic*] be done[.] However, it also may be possable [*sic*] by testing the victums [*sic*] clothing for the presents [*sic*] of the petitioner's DNA. It is the petitioner's belief that if the States [*sic*] theory is possable [*sic*],

9

then there would be significant amount[s] of the perpetrator's DNA on the victims [*sic*] clothing.

"Hence: A new technology that was first used in the U.S. in the fall of 2007 that exonerated Tim Masters (Exhibit 37). And early in 2008 to eliminate the parents and family members of the death of the daughter, JonBenet Ramsey. (Exhibit 38) This technology called 'Touch DNA' could also be used to help prove or disprove this case (Exhibit 39).

"Without a demonstration and DNA test, [n]o reasonable [person] should be able to find the petitioner guilty beyond a reasonable doubt[.] The petitioner incorporates by reference the facts in supporting exhibits.

"Petitioner requests a[n] evidentuary [*sic*] hearing where the State should demonstrate it[s] theory along with DNA testing of the clothing (coveralls) of Walter Stevenson."

Stevenson's request in his 60-1507 motion does not comply with K.S.A. 21-2512. He fails to allege that the item he requests testing on is in the possession of the State. See K.S.A. 21-2512(a)(2). He also does not argue that "Touch DNA" has "a reasonable likelihood of more accurate and probative results." See K.S.A. 21-2512(a)(3). Therefore, the district court did not err in its denial of Stevenson's DNA testing request in his 60-1507 motion.

2. *Stevenson's motion filed in his criminal case*

Stevenson also apparently filed a motion for DNA testing in his underlying criminal case in Gove County. However, he voluntarily withdrew this request stating: "At this point in time, it's not beneficial to me." Stevenson acknowledges he voluntarily withdrew this request. He states the reason he withdrew the request was because he was relying on alibi witnesses to support the finding of the lack of DNA on his father's clothing.

10

Generally, one cannot complain on appeal about a claimed error that was invited. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). "[W]hen a defendant actively pursues what is later argued to be an error, then the doctrine most certainly applies." *State v. Sasser*, 305 Kan. 1231, 1236, 391 P.3d 698 (2017). Here, Stevenson voluntarily withdrew his motion for DNA testing, and he cannot now complain of that action as error on appeal.

3. *Stevenson's posthearing motion for DNA testing*

Based on a review of the district court's appearance docket, Stevenson also apparently filed a "Motion to Alter Judgment, Motion for DNA Testing, Request for Order of Reenactment of State's Theory, and Motion to Stay Proceedings and Judgment." However, this motion is not included in the record on appeal.

The district court denied this motion, stating:

"After this court entered its Memorandum Decision denying Stevenson relief pursuant to his 60-1507 motion, he filed the motions and requests listed above.

"After considering Stevenson's pleadings and the State's Response thereto, the court finds and orders as follows.

"The purpose of a motion to alter or amend judgment is to allow a trial court an opportunity to correct prior errors. [Citations omitted.] Here Stevenson rehashes arguments generally offered before in this case and rejected by the court. He has failed to identify or establish any errors which the court feels compelled to correct. Therefore Stevenson's Motion to Alter Judgment is denied.

"K.S.A. 60-1507 provides, by its own terms, the scope of and limitations on relief which may be granted thereunder. DNA testing is not within the scope of the statute, nor is the requested 'Reenactment of State's Theory.' As he notes in his pleadings, Stevenson previously filed a separate and independent action for DNA testing pursuant to K.S.A. 21-2512, but that case was dismissed at his own request.

11

"Because neither a request for DNA testing nor a request for reenactment is cognizable under K.S.A. 60-1507 Stevenson's requests are denied."

Again, "[t]he summary denial of a request for DNA testing under K.S.A. 21-2512 presents a question of law over which this court has unlimited review. Additionally, the interpretation of a statute is a question of law over which appellate courts have unlimited review. [Citations omitted.]" *Lackey*, 295 Kan. at 819-20.

Although the district court is incorrect in its statement that "a request for DNA testing . . . is [not] cognizable under K.S.A. 60-1507," Stevenson's motion is not included in the record on appeal. See *Bruner*, 277 Kan. 603, Syl. ¶ 2 ("K.S.A. 60-1507 motions should be liberally construed to include a request for DNA testing if the petitioner's request complies with the statutory requirements of K.S.A. [] 21-2512."). Without the motion in the record on appeal, it is impossible for this court to conduct a de novo review of the denial of the motion to determine if it complied with the requirements of K.S.A. 21-2512. See *Sisson*, 302 Kan. at 128 (holding party claiming error occurred has burden of designating record that affirmatively shows prejudicial error).

The district court did not err in dismissing Stevenson's motion.

Affirmed.