No. 89,033

JOHN D. BRUNER, *Appellant,* v. STATE OF KANSAS, *Appellee.*
(88 P.3d 214)

Opinion filed
April 23, 2004.

*Elizabeth Seale Cateforis*, of Paul E. Wilson Defender Project, of Lawrence, argued the cause and was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Nola Foulston*, district attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

GERNON, J.: This appeal from the denial of a K.S.A. 60-1507 motion centers on whether a court is required to order DNA testing if the criteria in K.S.A. 2003 Supp. 21-2512 are shown.

John D. Bruner's wife's decomposed body was found in the Arkansas River near Wichita in May 1979. She had been missing for 2 months.

The evidence against Bruner was circumstantial and included Bruner's inconsistent versions of events, his cancellation of the missing person report, his previous physical abuse against his wife coupled with threats of killing her, and his confession to a girlfriend over a year after his wife's body had been found.

Bruner was convicted of first-degree murder, and his conviction was affirmed in *State v. Bruner*, No. 53,520, unpublished Supreme Court opinion filed May 8, 1982. Two previous K.S.A. 60-1507 motions filed by Bruner were ruled on by the Court of Appeals and may be found in *Bruner v. State,* No. 60,087, unpublished opinion filed August 6, 1987, and *Bruner v. State*, No. 62,389, unpublished opinion filed December 29, 1988.

Bruner filed a third K.S.A. 60-1507 motion seeking DNA testing, asserting trial errors for admitting allegedly false testimony, and claiming ineffective assistance of his trial counsel. The trial court summarily denied Bruner's third K.S.A. 60-1507 motion without appointing counsel or conducting an evidentiary hearing. The current appeal was transferred to this court pursuant to K.S.A. 20-3018(c).

Bruner first argues that the district court failed to apply K.S.A. 2003 Supp. 21-2512 when it summarily denied his request for DNA testing.

K.S.A. 2003 Supp. 21-2512 provides no procedure for requesting DNA testing, beyond stating that

"a person in state custody, at any time after conviction for murder as defined by K.S.A. 21-3401, and amendments thereto, or for rape as defined by K.S.A. 21-3502, and amendments thereto, may petition the court that entered the judgment for forensic DNA testing (deoxyribonucleic acid testing) of any biological material that:

(1) Is related to the investigation or prosecution that resulted in the conviction;

(2) is in the actual or constructive possession of the state; and

(3) was not previously subjected to DNA testing, or can be subjected to retesting with new DNA techniques that provide a reasonable likelihood of more accurate and probative results."

We note that nothing in the statute precludes someone in custody from including a petition or written request for DNA testing in a K.S.A. 60-1507 motion. We conclude that Bruner's K.S.A. 60-1507 motion should be liberally construed to include a request for DNA testing pursuant to K.S.A. 2003 Supp. 21-2512. It is immaterial that Bruner did not specifically identify the statute. "Pro se pleadings are to be liberally construed." *State v. Andrews*, 228 Kan. 368, 370, 614 P.2d 447 (1980).

The district court denied Bruner's request for DNA testing because Bruner failed to allege exceptional circumstances excusing his failure to raise the issue in his direct appeal and failed to claim that the DNA testing was unavailable or impossible at the time of his trial. In making its decision, the district court applied the standards for K.S.A. 60-1507 rather than the standard for ordering DNA testing set forth in K.S.A. 2003 Supp. 21-2512.

K.S.A. 2003 Supp. 21-2512(a) states: "Notwithstanding any other provision of law, a person in state custody, at any time after conviction for murder . . . may petition the court . . . for forensic DNA testing."

We conclude that the trial court erred by not applying the language of K.S.A. 2003 Supp. 21-2512 to the facts in the petition and determining whether the requirements of that statute had been met.

The State presents two arguments to support its position that Bruner's petition for DNA testing should be denied: (1) The evidence against Bruner was overwhelming and (2) there was no indication that Bruner's conviction was based on any biological evidence.

Our reading of the plain language of K.S.A. 2003 Supp. 21-2512 finds no reference limiting the statute to cases where the evidence was not overwhelming. Here, the evidence was circumstantial. While no part of the circumstantial evidence is biological, there is no reason to believe that testing of available biological evidence might not produce noncumulative, exculpatory evidence.

Bruner claims that a police report noted the collection of blood samples, skin samples from the victim's hands, and hair samples, but does not provide any further details including the source of the samples.

K.S.A. 2003 Supp. 21-2512 does not require the prisoner to make specific allegations regarding how the DNA testing would produce noncumulative, exculpatory evidence. The statute merely requires the prisoner to allege that the evidence is related to the investigation or prosecution of his or her conviction, that the State has possession or constructive possession of the evidence, and that the evidence was not previously subjected to DNA testing or that it could be tested using new DNA testing techniques. K.S.A. 2003 Supp. 21-2512(a).

New scientific methods of testing samples of evidence, coupled with the statute here, will inherently require evidence to be preserved, catalogued, and indexed, and also suggests to the trial courts that the destruction of evidence which might one day be subject to testing will be a rare event.

We find that Bruner's failure to include specific assertions regarding what noncumulative, exculpatory evidence would be produced is not fatal to his request for DNA testing.

We conclude that under the facts before us, the district court should have appointed counsel and conducted an evidentiary hearing. While some aspects of K.S.A. 2003 Supp. 21-2512 might allow a "fishing expedition," we must conclude such an expedition is one the legislature has concluded is worth conducting. Presently, the requirements of K.S.A. 2003 Supp. 21-2512(a) will limit the hearing's scope, and a request for DNA testing will be determined on a case-by-case basis.

Bruner also argues that the district court should have appointed counsel and conducted an evidentiary hearing before it dismissed his K.S.A. 60-1507 motion.

The district court has discretion to determine whether the petitioner's claim is substantial before granting a full evidentiary hearing and ordering the petitioner's presence at the hearing. *Lujan v. State,* 270 Kan. 163, 170-71, 14 P.3d 424 (2000). Kansas law gives the district court three options for proceeding on a 60-1507 motion. The court may:

(1) determine that the motion, files, and records conclusively show that the petitioner is entitled to no relief and summarily deny relief;

(2) determine from the motion, files, and record that a substantial issue or issues are presented, requiring a full evidentiary hearing with the presence of the petitioner; or

(3) determine that a potentially substantial issue or issues of fact are raised in the motion, supported by the files and record, and hold a preliminary hearing after appointment of counsel to determine whether the issues in the motion are substantial. 270 Kan. at 170-71.

Aside from the DNA testing issue already decided, Bruner raises two other issues in his K.S.A. 60-1507 motion: (1) that he was denied a fair trial because the trial court admitted perjured testimony and erroneous findings from the pathologist and (2) that his trial counsel was ineffective because he failed to investigate two alibi witnesses.

Though we are reversing to require a hearing on the DNA testing issue, the other issues raised by Bruner do not require a hearing.

Bruner's claims of error regarding the admission of perjured testimony and the admission of the pathologist's findings are not properly before this court. Mere trial errors must be corrected by a direct appeal unless the petitioner raises trial errors affecting his or her constitutional rights and there were exceptional circumstances excusing the petitioner's failure to raise the issue in his or her direct appeal. Supreme Court Rule 183(c)(3) (2003 Kan. Ct. R. Annot. 213). Bruner fails to allege any exceptional circumstances excusing his failure to raise these issues in his direct appeal.

The only other issue raised by Bruner, the ineffective assistance of counsel claim, is not properly before this court. This issue was

considered before in a K.S.A. 60-1507 motion, and the denial of the claim by the trial court was upheld by the Court of Appeals in *Bruner v. State*, No. 62,389.

Supreme Court Rule 183(d) provides:

"The sentencing court shall not entertain a second or successive motion for relief on behalf of the same prisoner, where (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application."

Because Bruner already raised the issue of ineffective assistance of counsel in his previous K.S.A. 60-1507 motion, the district court was not required to consider the issue again in Bruner's subsequent K.S.A. 60-1507 motion.

The trial court's ruling regarding the DNA testing is reversed and remanded for appointment of counsel and an evidentiary hearing. The trial court is affirmed as to all other issues.