No. 107,981

STATE OF KANSAS, *Appellee*, v. CHERON T. JOHNSON, *Appellant*.

(327 P.3d 421)

Opinion filed June 13, 2014.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.: Cheron T. Johnson appeals the district court's summary denial of his motion for postconviction DNA testing under K.S.A. 21-2512. But Johnson does not deny his involvement in the crimes for which he was convicted. So test results could not produce exculpatory evidence required as a precondition for testing authorization under the statute. We therefore affirm the denial.

## FACTS AND PROCEDURAL HISTORY

In 2000, Johnson and his codefendant Anthony Payne had armed themselves with steak knives and gone to Taurus Hampton's home, purportedly to play video games. Johnson and Payne eventually stabbed Hampton more than 30 times in his chest and throat. Hampton died at the scene.

Johnson and Payne stole several PlayStation CDs, approximately $4,000 worth of crack cocaine, and an unspecified amount of cash from Hampton's home. Payne confessed, telling detectives both he and Johnson stabbed Hampton and took the items.

On a recovered PlayStation CD, police found a fingerprint matching Johnson's and a blood spot matching Hampton's blood type. Bloody clothing and boots were identified by witnesses as belonging to Johnson. DNA analysis revealed the blood on Johnson's boots matched Hampton's DNA. And the pattern on the soles of Johnson's boots matched a boot print found in blood at the crime scene.

Johnson pled nolo contendere to first-degree premeditated murder and aggravated robbery. The district court sentenced him to a hard-25 life sentence for the murder and a concurrent term of 71 months for the aggravated robbery.

Eleven years after the crimes to which Johnson pled nolo contendere, he filed a pro se motion for postconviction DNA testing under K.S.A. 21-2512. In support of his motion, Johnson alleged:

"1.  Defendant states that there is a knife which was collected and tagged as evidence and presented as the murder weapon in this case.

"2.  Defendant states that *DNA would prove the victim's blood and other DNA evidence is on the same knife.*

"3.  The evidence on the knife is exculpatory evidence and can exonerate defendant of guilt for the crime he has been convicted for.

"4.  Defendant states that in the interest of justice the State must be ordered to provide the knife and submit it for DNA testing." (Emphasis added.)

The State opposed Johnson's motion. It argued postconviction DNA testing could not produce noncumulative, exculpatory evidence to exonerate Johnson because his identity had never been an issue. At the hearing on Johnson's motion, the district court declined to grant an evidentiary hearing or appoint counsel to represent Johnson. It then summarily denied the motion, and Johnson appealed. We have jurisdiction under K.S.A. 2013 Supp. 22-3601(b)(3) (life sentence imposed). See *Makthepharak v. State*, 298 Kan. 573, 574, 314 P.3d 876 (2013) (jurisdiction over appeal of postconviction motion lies with court that had jurisdiction to hear original appeal); *State v. Denney*, 278 Kan. 643, 643, 101 P.3d

1257 (2004) (proper jurisdiction over motion for postconviction DNA testing where sentence of life imprisonment imposed).

More facts will be added as necessary to the analysis.

## ANALYSIS

Issue: *The district court did not err by summarily denying Johnson's motion for postconviction DNA testing.*

Johnson argues that the district court erred by summarily denying his motion for postconviction DNA testing because the record did not conclusively demonstrate testing could not produce noncumulative, exculpatory evidence. More specifically, he contends "testing could have revealed that a third party was present during the incident, possibly lessening [his] culpability and impacting his sentence."

The State first responds that we should not consider Johnson's argument about an unidentified third party because he raises it for the first time on appeal. If we do consider the argument, the State contends he is not entitled to postconviction DNA testing. Even if evidence of a third party's DNA were discovered, it would not exculpate Johnson because he has never disputed his own involvement in the crimes.

### Standard of review

The summary denial of a motion for DNA testing presents a question of law over which we exercise unlimited review. *State v. Lackey*, 295 Kan. 816, 819, 286 P.3d 859 (2012) (citing *Wimbley v. State*, 292 Kan. 796, 810, 257 P.3d 328 [2011]). Further, it requires interpretation of K.S.A. 21-2512, and statutory interpretation is also a question of law allowing our unlimited review. 295 Kan. at 819-20 (citing *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 [2010]).

### Discussion

As a threshold matter, we must determine whether Johnson's arguments have been properly preserved for our review. As a general rule, a party may not raise a new legal theory for the first time on appeal. *Trotter v. State*, 288 Kan. 112, 124, 200 P.3d 1236 (2010). But if a party's arguments to the district court were suffi-

ciently broad to encompass his or her appellate arguments, we will consider them. See *State v. Levy*, 292 Kan. 379, 383-85, 253 P.3d 341 (2011). In making this determination, we liberally construe Johnson's pro se motion to give effect to the substance of his arguments. See *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004) (liberally construing pro se request for DNA testing).

The State correctly notes Johnson failed to specifically address its preservation issue on appeal. But we conclude his arguments to the district court were broad enough to encompass his appellate arguments. Although his language is somewhat ambiguous, we read his assertion "the victim's blood and other DNA evidence is on the same knife" to include an argument that third-party DNA evidence would be discovered by postconviction testing. Accordingly, we conclude that Johnson's arguments are properly before us. So we now turn to their merits.

Postconviction DNA testing is governed by K.S.A. 21-2512, which provides in relevant part:

"(a) Notwithstanding any other provision of law, a person in state custody, at any time after conviction for murder in the first degree as defined by K.S.A. 21-3401, [prior to its repeal] . . . may petition the court that entered the judgment for forensic DNA testing (deoxyribonucleic acid testing) of any biological material that:
(1) Is related to the investigation or prosecution that resulted in the conviction;
(2) is in the actual or constructive possession of the state; and
(3) was not previously subjected to DNA testing, or can be subjected to retesting with new DNA techniques that provide a reasonable likelihood of more accurate and probative results.
. . . .
"(c) The court shall order DNA testing pursuant to a petition made under subsection (a) upon a determination that *testing may produce noncumulative, exculpatory evidence relevant to the claim of the petitioner that the petitioner was wrongfully convicted or sentenced.*" (Emphasis added.)

Johnson focuses on subsection (c). He argues the district court erred by concluding "[t]he DNA testing requested by defendant is not likely to prove he did not commit the crime. The evidence would produce cumulative evidence that would not be *exculpatory*." (Emphasis added.)

894

We start our analysis by acknowledging evidence is exculpatory when it simply " ' "tends to disprove a fact in issue which is material to guilt or punishment." ' " *Lackey*, 295 Kan. at 823 (quoting *State v. Aikins*, 261 Kan. 346, 382, 932 P.2d 408 [1997] [defining exculpatory in the context of required disclosures under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)], *disapproved on other grounds State v. Warrior*, 294 Kan. 484, 277 P.3d 1111 [2012]). We have similarly emphasized that evidence need not be exonerating to be exculpatory but must only " '*tend*[] to establish a criminal defendant's innocence.' " (Emphasis added.) 295 Kan. at 823 (quoting Black's Law Dictionary 637 [9th ed. 2009]). And we have "previously, and rather explicitly, rejected the notion of defining exculpatory evidence under K.S.A. 21-2512(c) as being a function of weighing evidence." 295 Kan. at 823 (citing *Bruner*, 277 Kan. at 606).

In continuing our analysis, we bear in mind that "DNA testing is intended to confirm or dispute the identity of individuals involved in or at the scene of a purported crime." *State v. Smith*, 34 Kan. App. 2d 368, 373, 119 P.3d 679 (2005), *rev. denied* 280 Kan. 990. So DNA evidence may be exculpatory if it tends to establish innocence based on an individual's identity.

But Johnson has not challenged the State's physical or DNA evidence linking him to the crime scene. Nor does he claim the State misidentified him or wrongfully alleged he committed the crimes. Instead, he merely makes a conclusory assertion that noncumulative, exculpatory evidence is on the knife in the form of DNA from an unidentified third party.

We acknowledge Johnson is not required to make specific assertions about how the DNA testing would produce noncumulative, exculpatory evidence. See *Bruner*, 277 Kan. at 606. But any DNA evidence from the knife would not " ' "tend[] to disprove a fact in issue" ' " because Johnson's presence and involvement in the crimes has never been in issue. *Lackey*, 295 Kan. at 823 (quoting *Aikins*, 261 Kan. at 382). So any third-party DNA evidence found there would not exculpate Johnson from his undisputed guilt. As the Court of Appeals stated in *Smith*:

"Here, the fact that Smith engaged in intercourse and oral sodomy with the victim in this case *has never been in dispute.* We fail to comprehend any possibility that DNA testing could assist in supporting a defense of consensual conduct or otherwise exculpate Smith. Accordingly, the district court did not err in its determination that testing should be denied." 34 Kan. App. 2d at 373-74.

We also reject Johnson's argument that evidence on the knife of a third party's DNA would be grounds to reduce his sentence. See K.S.A. 21-2512(c) (contemplating DNA evidence exculpatory as to petitioner's sentence). We have held only in rare circumstances that coperpetrators are relevant to determining a particular defendant's sentence. See, *e.g.*, *State v. Bailey*, 251 Kan. 527, 531, 834 P.2d 1353 (1992) (district court abused its sentencing discretion by refusing to consider sentence of codefendant convicted of identical crimes but sentenced to 15 fewer years' imprisonment). We have instead emphasized that an individual's personal culpability is the paramount factor in his or her sentence regardless of any codefendants' culpability in the crimes charged. See *State v. Davis*, 256 Kan. 1, 34-35, 883 P.2d 735 (1994).

When the 2001 court imposed Johnson's current sentence, it was aware Johnson committed these crimes with Payne. And it based the sentence on Johnson's personal culpability. Johnson makes no specific argument for how evidence of yet another perpetrator would justify reducing his sentence other than the unsupported claim it would possibly lessen his culpability and impact his sentence. But our independent review of the record reveals no indication the district court failed to properly consider Johnson's culpability and impose an appropriate sentence. Consequently, we conclude new DNA evidence demonstrating the presence of an unidentified third party at the crime scene would not justify reducing Johnson's sentence.

Because DNA testing could not produce exculpatory evidence impacting Johnson's conviction or sentence, we conclude the district court properly denied his motion. See K.S.A. 21-2512(c).

The judgment of the district court is affirmed.