NOT DESIGNATED FOR PUBLICATION

No. 116,960

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CRAIG L. GOOCH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed December 1, 2017. Reversed and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MCANANY and POWELL, JJ.

PER CURIAM: Craig L. Gooch was convicted of rape, aggravated kidnapping, aggravated robbery, aggravated sexual battery, aggravated burglary, aggravated intimidation of a victim, criminal threat, and interference with law enforcement. His convictions were affirmed by our court. *State v. Gooch*, No. 114,886, 2017 WL 543451, at *3 (Kan. App. 2017) (unpublished opinion), *rev. denied* July 25, 2017. During the pretrial phase, the State did not test the fingernail clippings it took during its investigation for DNA. Gooch petitioned for postconviction DNA testing of the clippings, claiming they contain exculpatory evidence for the charge of rape. The district court denied his petition, and Gooch now appeals.

1

Gooch's convictions arise out of an incident in which he observed M.C. place her groceries in her van and return the grocery cart to the Dillon's grocery store. Meanwhile, Gooch entered M.C.'s van. His entry into the van was captured on Dillon's surveillance camera. M.C. returned to her van and drove out of the parking lot, not knowing Gooch was in the vehicle.

As M.C. drove home, Gooch popped up in the back seat, threatened to kill her if she did not obey his commands, told her to find a private place because he was going to rape her, and groped her as she continued to drive.

They arrived at M.C.'s home, where Gooch removed M.C.'s clothing, rubbed her breasts, and inserted his fingers into her vagina. After further sexual assaults we need not recount here, Gooch told M.C. that she had to return him to the Dillon's parking lot. A suspicious neighbor saw them leave and called 911, leading to Gooch's arrest.

Gooch denied M.C.'s description of the events, specifically denying rape by digital penetration. During the criminal investigation, the police drew blood, took hair from Gooch's head and pubic region, took cotton swabs from inside his mouth and from his hands, and took clippings (or scrapings) from his fingernails to test for DNA. The State never checked for DNA on the swab of Gooch's hands or on his fingernail clippings.

The jury found Gooch guilty as charged, including the charge of rape by digital penetration. Gooch appealed his convictions, which this court ultimately affirmed. 2017 WL 543451, at *3. Cooch then sought review by our Supreme Court, which denied review.

While his petition for review was pending, Gooch filed a petition in the district court under K.S.A. 2016 Supp. 21-2512 for a postconviction DNA test of the fingernail clippings and the cotton swabs that were taken of his hands. He asserted that a DNA test

2

would reveal that M.C.'s DNA would not be found on this evidence. He also asserted the lack of DNA would be noncumulative, exculpatory evidence showing that he did not penetrate M.C. with his fingers, thereby confirming that he was wrongfully convicted of rape.

The State contested his motion claiming the district court lacked jurisdiction to hear the case while the appeal was pending and that there was no reason to test for DNA in light of the overwhelming evidence against Gooch.

During a nonevidentiary hearing, the district court denied Gooch's motion reasoning that the evidence would not change the verdict in light of the overwhelming evidence presented against him. The court further reasoned that the "chemist testified he did not do DNA of the scrapings" and that was made clear to the jury before they decided that Gooch was guilty of the crime. The court also determined that it did have jurisdiction to hear the issue based on a statutory interpretation. This appeal followed.

*Jurisdiction*

While the State argued before the district court that it did not have jurisdiction because an appeal was pending, the State expressly abandoned this argument on appeal. The general rule is that while an appeal is pending, the district court loses jurisdiction to rule on posttrial motions. *State v. Smith*, 278 Kan. 45, 51, 92 P.3d 1096 (2004). But K.S.A. 2016 Supp. 21-2512(a) provides in relevant part: "*Notwithstanding any other provision of law*, a person in state custody, *at any time after conviction* for . . . rape . . . may petition the court that entered the judgment for forensic DNA testing . . . ." (Emphasis added.) The language of the statute gave the district court the authority to hear Gooch's petition notwithstanding his direct appeal, and this court has jurisdiction over the appeal.

*Entitlement to DNA Testing*

On appeal, Gooch argues that the fingernail clippings taken during the police investigation contain exculpatory evidence and should be tested for DNA. We have unlimited review over the district court's ruling on this issue. *State v. Hernandez*, 303 Kan. 609, 613, 366 P.3d 200 (2016); *State v. Johnson*, 299 Kan. 890, 892, 327 P.3d 421 (2014).

K.S.A. 2016 Supp. 21-2512 provides:

"(a) Notwithstanding any other provision of law, a person in state custody, at any time after conviction for . . . rape . . . may petition the court that entered the judgment for forensic DNA testing (deoxyribonucleic acid testing) of any biological material that:
(1) Is related to the investigation or prosecution that resulted in the conviction;
(2) is in the actual or constructive possession of the state; and
(3) was not previously subjected to DNA testing, or can be subjected to retesting with new DNA techniques that provide a reasonable likelihood of more accurate and probative results.
. . . .
"(c) The court shall order DNA testing pursuant to a petition made under subsection (a) upon a determination that testing may produce noncumulative, exculpatory evidence relevant to the claim of the petitioner that the petitioner was wrongfully convicted or sentenced."

Gooch asked for the DNA test of his fingernails to show the absence of biological material. Gooch was convicted of rape, and the material to be tested are the clippings from his fingernails which were taken as part of the investigation into his crime. The clippings are currently in the possession of the State and have not previously been subject to DNA testing. Based upon these facts, Gooch has satisfied the requirements under K.S.A. 2016 Supp. 21-2512(a).

4

The next issue is whether DNA testing under K.S.A. 2016 Supp. 21-2512(c) may produce noncumulative, exculpatory evidence that is related to the crime of rape. Evidence is exculpatory when it tends to prove or disprove a disputed material fact. *Hernandez*, 303 Kan. at 620. Exculpatory evidence need not definitively prove the petitioner's innocence nor completely exonerate the petitioner. 303 Kan. at 620. The Kansas Supreme Court has "explicitly[] rejected the notion of defining exculpatory evidence under K.S.A. 21-2512(c) as being a function of weighing evidence." *Johnson*, 299 Kan. at 894 (quoting *State v. Lackey*, 295 Kan. 816, 823, 286 P.3d 859 [2012]).

Under K.S.A. 2016 Supp. 21-5503(a)(1)(A), rape is defined as "[k]nowingly engaging in sexual intercourse with a victim who does not consent to the sexual intercourse . . . when the victim is overcome by force or fear." Sexual intercourse is defined as "any penetration of the female sex organ by finger, the male sex organ, or any object." K.S.A. 2016 Supp. 21-5501(a). For Gooch to be found guilty of rape, the prosecution had to prove each and every element of this crime. Here, the claim was that Gooch digitally penetrated the victim. If the DNA evidence would tend to disprove one of the elements of the crime, the DNA test should have been ordered. See *Hernandez*, 303 Kan. at 620. Therefore, the issue will be whether DNA testing of the fingernail clippings may produce noncumulative evidence that tends to prove or disprove a disputed material fact or element of the rape conviction.

In *Hernandez*, the court found the defendant was entitled to postconviction DNA testing of bed sheets when he was convicted of rape. 303 Kan. at 620. There, the defendant asked for bed sheets to be tested for his DNA, asserting a lack of his DNA on the sheets would tend to show he did not commit the rape. The court noted that the lack of DNA on a particular piece of evidence may provide exculpatory evidence, and the district court erred when it decided not to order the testing due to the overwhelming evidence against the defendant. 303 Kan. at 617.

5

The State argues that the DNA test should not be ordered because (1) Gooch likely washed his hands so it is unlikely that DNA will be found; (2) Gooch's DNA was found at M.C.'s home and on her body; and (3) there is overwhelming evidence against Gooch even without the DNA evidence. The State asserts that DNA testing "is intended to confirm or dispute the identity of individuals involved in or at the scene of a purported crime," and here there is no dispute about whether the defendant was present in the home. Thus, there is no possibility that the DNA test will assist in proving consent or otherwise exculpate Gooch.

The State cites *Johnson*, 299 Kan. at 892-95, and *State v. Smith*, 34 Kan. App. 2d 368, 373, 119 P.3d 679 (2005), as controlling on the issue, claiming that DNA should only be used to show "the identity of individuals involved in or at the scene of a purported crime."

In *Johnson*, the court held the defendant was not entitled to DNA testing because the DNA testing could not produce exculpatory evidence impacting the defendant's conviction or sentence. 299 Kan. at 894-95. There, the defendant was charged with murder and argued that the blood on a knife would show that there was another person that helped him commit the crime. He did not argue that the evidence would show he is innocent. The court rejected his argument that the evidence of a coconspirator would reduce his sentence.

In *Smith*, this court determined that DNA testing could not produce exculpatory evidence so the district court did not err when it denied the petition for the DNA test. 34 Kan. App. 2d at 373-74. The defendant in *Smith* did not claim that he did not have intercourse with the victim but instead claimed that the intercourse was consensual. There was no question as to whether the victim and the defendant engaged in the act. The court noted that the presence or lack of DNA evidence would not prove consent, so the DNA testing would not provide any exculpatory evidence.

6

Unlike in *Smith*, Gooch does not argue consent; he argues that he did not digitally rape M.C., therefore, *Smith* does not apply. The fact that it is uncontroverted that Gooch was present at the scene does not bring this case under *Smith* because Gooch is requesting the DNA test to disprove penetration, an element of rape that was not in contention in *Smith*. In both *Johnson* and *Smith*, it was undisputed that the defendant committed the act. Here, there is a dispute over whether Gooch penetrated M.C. with his fingers. Neither *Johnson* nor *Smith* controls.

The court in *Smith* recognized the holdings in *State v. Denney*, 278 Kan. 643, 101 P.3d 1257 (2004), and *Bruner v. State*, 277 Kan. 603, 88 P.3d 214 (2004). *Smith*, 34 Kan. App. 2d at 682-83. In *Denny*, the court noted the goal of K.S.A. 21-2512 is to determine if the defendant was wrongfully convicted. 278 Kan. at 654. In *Bruner*, the court noted that broad discretion should be granted to the defendant when reviewing a motion under K.S.A. 21-2512 and to the extent the broad discretion may allow a fishing expedition, "such an expedition is one the legislature has concluded is worth conducting." 277 Kan. at 605-06.

Under *Hernandez*, there has to be the possibility that the evidence will tend to prove or disprove a material fact in order for the evidence to be considered exculpatory. See 303 Kan. at 617. If a DNA test is completed and the results show M.C.'s DNA was not on Gooch's fingernails, this would tend to show that he did not digitally penetrate M.C. Further, the DNA test does not have to exonerate the defendant in order for the court to order the test, so the fact that there is overwhelming evidence against the defendant and that the DNA test may have minimal effect on the jury's decision is irrelevant in our analysis. *Hernandez*, 303 Kan. at 620-21 (stating "[t]he determination of whether there is a substantial question of innocence is not a precursor to ordering the testing in the first instance"); *Johnson*, 299 Kan. at 894 (specifically rejecting the notion of denying the DNA test on the basis of the weight of the evidence).

7

Based on this analysis, the district court should have granted Gooch's petition for a postconviction DNA test.

Reversed and remanded with instructions to order DNA testing.