Stegall, J., concurring:
I write separately to point out a small but significant error in the reasoning deployed by today's majority. The suggestion is made that "even if the testing of the hairs found at the spot where the rape occurred only revealed that George's DNA was not present, the results would be exculpatory because ... [a]t a minimum, they would tend to show he had not been at that spot." --- Or.App. at ----, 418 P.3d at 1273. The Court of Appeals majority made the same mistake when it opined "if George's DNA was not discovered on hair recovered" this would have some "tendency to show that George was not present at the crime scene." State v. George , No. 112224, 2015 WL 6622153, at *5 (Kan. App. 2015) (unpublished opinion).
Both of these statements are simply wrong. The fact that sometime in the past one person was in a place-especially a public place such as where the rape occurred here-has nothing at all to do with whether another person was also in that place sometime in the past. The two facts are completely unrelated-the proof of one has zero tendency to prove or disprove the other. The majority's overbroad statement here is likely to lead to confusion in the future and improperly expands the field of supposedly exculpatory evidence.
Numerous courts have made this elementary observation. For example, in State v. Riofta , 166 Wash. 2d 358, 209 P.3d 467 (2009), the Washington Supreme Court, sitting en banc, considered whether a third person's DNA on a white hat worn by the perpetrator of a murder might tend to prove the defendant had not been wearing the white hat. The problem for the defendant was that the white hat had been stolen from its owner some time before the killing. 166 Wash. 2d at 370, 209 P.3d 467. Thus, the "presence of a third person's DNA on the white hat" could not prove the defendant had not also worn the white hat because "[a]ny of a number of people besides the shooter could *1278 have worn the white hat at some time after [it] was stolen." 166 Wash. 2d at 370, 209 P.3d 467 ; see also Moore v. Commonwealth , 357 S.W.3d 470, 487 (Ky. 2011) (holding that DNA evidence proving that a third party had at some point worn the clothes worn by the perpetrator of a crime had no relevance to proving or disproving whether the defendant had also worn the clothing because the clothing "did not belong to [defendant] originally" and the clothes "had been left in a pile of other people's laundry"); Prible v. State , 245 S.W.3d 466, 470 (Tex. Crim. App. 2008) (holding that "without more" the mere "presence of another person's DNA at the crime scene would not constitute affirmative evidence of the [defendant's] innocence").
The majority criticizes my citation of these examples by reciting "how substantially Kansas law varies from the jurisdictions of all the cases [cited]." --- Kan. at ----, 418 P.3d at 1273. The majority opinion correctly observes that other states place a higher evidentiary burden on defendants hoping to demonstrate that subsequent DNA testing will be exculpatory. But this distinction is irrelevant for my purposes. The majority simply misses the narrow point of contention at issue-whether the proved presence of one person in a public place has any tendency whatsoever to prove the absence of another person at that place.
The reason the DNA testing in this case has an ever-so-slight tendency to demonstrate George is not the perpetrator of this crime is not because evidence of a third person's presence tends to show that George was not there. Rather, the reason is that the evidence-i.e., the only hairs found in the entire large, publicly accessible storeroom which also just happened to have been found at the precise location of the crime-creates the possibility of doubt as to the identity of the perpetrator. It is identity that matters in these cases, not (as the majority would have it) presence at the scene. See State v. Johnson , 299 Kan. 890, 894, 327 P.3d 421 (2014) (" 'DNA testing is intended to confirm or dispute the identity of individuals involved in or at the scene of a purported crime.' [Citation omitted.] So DNA evidence may be exculpatory if it tends to establish innocence based on an individual's identity.").
It is for this reason, and this reason alone, that I concur.