NOT DESIGNATED FOR PUBLICATION

No. 117,284

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES H. WOOLDRIDGE JR.,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wilson District Court; DANIEL D. CREITZ, judge. Opinion filed March 22, 2019. Reversed and remanded with directions.

*Forrest A. Lowry*, of Lowry & Hendrix, of Ottawa, and *Shannon D. Rush*, of Coffman & Campbell, LLC, of Lyndon, for appellant.

*Rachel Pickering*, assistant solicitor general, *Kenley J. Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BUSER, P.J., POWELL, J., and STUTZMAN, S.J.


PER CURIAM: This is an appeal by James H. Wooldridge Jr. of the district court's denial of his postconviction motion seeking forensic DNA testing pursuant to K.S.A. 2018 Supp. 21-2512. Upon our review of the record on appeal, the parties' briefs, and having considered the parties' oral arguments, we reverse the district court's ruling and remand with directions to consider and rule on the merits of the motion.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 1983, Wooldridge was convicted of two counts of aggravated burglary, aggravated robbery, attempted rape, aggravated assault, and criminal destruction of property (1983 criminal case). On direct appeal, the convictions were affirmed in *State v. Wooldridge*, 237 Kan. 737, 703 P.2d 1375 (1985). Later, Wooldridge's conviction for aggravated assault was vacated because it was multiplicitous with the aggravated robbery conviction. *Wooldridge v. State*, No. 73,137, 1995 WL 687588 (Kan. App. 1995) (unpublished opinion). Wooldridge filed seven K.S.A. 60-1507 motions and a federal habeas corpus motion, to no avail. See *Wooldridge v. State*, No. 92,466, 2006 WL 1318804, at *1-2 (Kan. App. 2006) (unpublished opinion).

In 2008, Wooldridge filed his eighth K.S.A. 60-1507 motion asserting exceptional circumstances in case 2008-CV-66 (2008 civil case). The district court denied the motion on grounds it was successive and untimely. Additionally, the district court ruled that Wooldridge may not file any more K.S.A. 60-1507 motions without leave of the court. *Wooldridge v. State*, No. 108,797, 2013 WL 5870050, at *1-2 (Kan. App. 2013) (unpublished opinion).

On appeal, Wooldridge argued that he did not have notice and an opportunity to object to the restrictions. Our court found that Wooldridge had sufficient notice and time to object. 2013 WL 5870050, at *5. While affirming the district court's right to restrict future K.S.A. 60-1507 motion filings, we vacated the order because it constituted an impermissible outright ban on such filings. 2013 WL 5870050, at *5. Our court remanded with directions to the district court to carefully draft future filing restrictions in compliance with *Holt v. State*, 290 Kan. 491, 502-03, 232 P.3d 848 (2010). 2013 WL 5870050, at *5.

2

On September 25, 2014, in keeping with our mandate, the district court issued an order of restrictions on future filings in the 2008 civil case by Wooldridge (2014 order of restrictions). The order is not included in the record on appeal.

Two years later, on August 8, 2016, Wooldridge filed a motion in the 1983 criminal case for postconviction forensic DNA testing. See K.S.A. 2018 Supp. 21-2512. That motion is the subject of this appeal.

Two days later, on August 10, 2016, the district court issued an "order of restrictions for all future filings by James Wooldridge in both cases" (2016 order of restrictions). The 2016 order of restrictions included the captions for the 1983 criminal case and the 2008 civil case. The 2016 order of restrictions also referenced the 2014 order of restrictions, which only pertained to the 2008 civil case, and the August 8, 2016, filing by Wooldridge seeking DNA testing in the 1983 criminal case. The 2016 order of restrictions stated: "Woolridge's convictions in [the 1983 criminal case led] to the orders in [the 2008 civil case]. Based upon the Mandate from the Kansas Court of Appeals and previous orders of this Court, the Court places the following reasonable restrictions on all future filings by Wooldridge *in both cases*." (Emphasis added.)

The 2016 order of restrictions listed five pre-filing conditions: (1) Wooldridge will file with the court an application for leave to file a petition or pleading except for notices of appeal; (2) Wooldridge will provide a list of all lawsuits currently pending or previously filed involving the same claims or parties and their dispositions; (3) Wooldridge will provide an affidavit signed by Wooldridge certifying that the claims made in the new filing have not been previously asserted; (4) Wooldridge will certify in the affidavit that the claims are not frivolous or made in bad faith; and (5) Wooldridge will certify in the affidavit that the claims comply with all civil and appellate procedures and rules. The order further stated:

3

"If Wooldridge complies with all these prerequisites, then the Chief Judge of the Judicial District will review the proposed pleadings, and may allow them to be filed only if they have merit, are not duplicative, and are not frivolous. If Wooldridge fails to comply with any of these prerequisites, then the Clerk of the District Court shall hold any filing and notify the Chief Judge who will take appropriate action."

The next day, August 11, 2016, the district court dismissed Wooldridge's motion for DNA testing for failing to comply with the 2016 order of restrictions. The order of dismissal stated that the 2014 order of restrictions "was meant to and should have included this [1983 criminal case] but this Court *inadvertently omitted it in its order* Thus, on August 10, 2016, this Court issued its [2016 order of restrictions]." (Emphasis added). The district court concluded: "The Court read Defendant's motion for post-conviction DNA testing. It is not in compliance with the [2016] order of restrictions. It is dismissed. Defendant must comply with the [2016] order of restrictions."

Sometime between August 25, 2016, and September 16, 2016, Wooldridge filed a motion to alter or amend the judgment and for leave to file a posttrial motion pursuant to K.S.A. 2018 Supp. 21-2512. Wooldridge argued that he was denied due process when the district court failed to give him an opportunity to contest the 2016 order of restrictions before they went into effect.

Wooldridge's motion was initially rejected by the district court because of confusion regarding the filing date. After a hearing in 2017, the district court reconsidered the motion. On September 16, 2016, the district court filed an order denying Wooldridge's latest motions. The order stated:

"On August 10, 2016, this Court issued its last of many orders. The [2016 order of restrictions] is self-explanatory, and Defendant understood the order since Defendant has filed this motion to alter/amend judgment and for leave to file [posttrial] motions.

4

"The Court's last order is attached and incorporated herein. For all the reasons previously given by the Court, Defendant's Motion and Request for leave is denied."

Wooldridge appeals from the district court's adverse rulings.

ANALYSIS

On appeal, Wooldridge contends that K.S.A. 2018 Supp. 21-2512 grants him the postconviction right to petition the district court for forensic DNA testing relating to the 1983 criminal case. He argues that the district court erroneously dismissed his petition on the basis that it did not conform to the 2016 order of restrictions on all future filings. Wooldridge reasons that the 2014 order of restrictions only related to future filings in his 2008 civil case, not his 1983 criminal case. With regard to the 2016 order of restrictions, Wooldridge explains that he should not be required to comply with the order since it was filed *after* he filed his motion for DNA testing in the criminal case. Moreover, Wooldridge submits that, under *Holt*, parties subject to future filing restrictions are entitled to notice and an opportunity to be heard before the restrictions go into effect. Because Wooldridge was not afforded an opportunity to be heard regarding the 2016 order of restrictions, he claims the district court erred in dismissing his motion on a procedural basis. Finally, Wooldridge asks this court to remand for a hearing on the merits of his motion.

In response, the State does not address Wooldridge's assertion that the 2016 order of restrictions was filed subsequent to the filing of the motion for DNA testing. Similarly, the State does not allege that the 2014 order of restrictions applied to the motion. The State simply argues that the 2016 order of restrictions applies to Wooldridge's motion and does not constitute a blanket restriction disfavored by *Holt*. Alternatively, the State contends the district court's denial of the motion was proper because, on the merits, Wooldridge "was not convicted of either murder in the first degree or rape. As such, as a

matter of law, K.S.A. 21-2512, does not establish standing on the [part] of the defendant to seek such DNA testing."

Two standards of review guide our analysis of this appeal. On the one hand, "[t]he summary denial of a motion for DNA testing presents a question of law over which we exercise unlimited review." *State v. Johnson*, 299 Kan. 890, 892, 327 P.3d 421 (2014). On the other hand, with regard to consideration of the 2016 order of restrictions, "we should review district court decisions on docket management for abuse of discretion." *Holt*, 290 Kan. at 502.

As mentioned in the prior section, we have previously considered the propriety of the district court's restrictions on Wooldridge filing additional K.S.A. 60-1507 motions. See *Wooldridge*, 2013 WL 5870050. In that opinion we stated:

"In *Holt*, the Kansas Supreme Court held that '[w]ithin the district court's inherent power to manage litigation is the ability to curb abusive filing practices that place a strain on the judicial system.' 290 Kan. at 500. But the court also found that blanket restrictions on filing were not permissible, so 'when imposing filing restrictions, the restrictions shall be reasonable: for example, with enumerated prefiling conditions.' 290 Kan. at 501. Moreover, 'before the court-imposed filing restrictions become effective, the party subject to them is entitled to notice and an opportunity to be heard in opposition,' but 'the objecting party is not required to be physically present.' 290 Kan. at 501." 2013 WL 5870050, at *5.

Three important facts are uncontroverted in this appeal:  First, the 2014 order of restrictions only applied to future filings of K.S.A. 60-1507 motions in the 2008 civil case. Although the 2014 order of restrictions "was meant to and should have included this [1983 criminal case]" and the district court indicated it "inadvertently omitted it in its order," the fact remains that by its terms the 2014 order of restrictions did not apply to motions filed in the 1983 criminal case—including Woolridge's motion for DNA testing.

6

Second, Wooldridge's motion was filed two days *before* the district court filed the 2016 order of restrictions. As a result, at the time Woolridge's motion was filed in the criminal case, there was no order of restrictions that pertained to future filings—including motions for DNA testing—in the 1983 criminal case.

Third, when the district court filed the 2016 order of restrictions, Wooldridge was not put on notice and given an opportunity to object because his motion was denied the next day for failing to comply with these restrictions. In sum, prior to the district court's denial of Wooldridge's motion because he failed to comply with the 2016 order of restrictions, the defendant was not provided with notice and an opportunity to be heard regarding the 2016 order of restrictions.

Given these undisputed facts, *Holt* is dispositive of this issue. Without sufficient prior notice and an opportunity for Wooldridge to be heard, the 2016 order of restrictions was not effective as a procedural bar to the filing of the motion for DNA testing. Because the 2016 order of restrictions was invalid, Wooldridge was not required to comply with the order. As a result, the district court's denial of the motion for DNA testing based on Wooldridge's failure to comply with the 2016 order of restrictions was in error. See *State v. Newson*, No. 112,896, 2015 WL 7433536, at *5 (Kan. App. 2015) (unpublished opinion) (district court's order of restrictions vacated because the district court failed to give the defendant "notice and an opportunity to be heard, at least in writing, before it imposed the filing restrictions").

Based on *Holt*, we reverse and vacate the 2016 order of restrictions. We also reverse the district court's denial of Wooldridge's motion for DNA testing for failure to comply with the 2016 order of restrictions.

On appeal, Wooldridge makes additional alternative arguments. First, he asserts that the 2016 order of restrictions is also invalid because there can be no limitations

7

placed on the filing of a DNA testing motion made pursuant to K.S.A. 2018 Supp. 21-2512. Given our holding that the 2016 order of restrictions is invalid for failure to provide sufficient notice and an opportunity to be heard, this argument is moot. See *Stano v. Pryor*, 52 Kan. App. 2d 679, 682-83, 372 P.3d 427 (2016) (As a general rule, Kansas appellate courts do not decide moot questions or render advisory opinions.).

Second, Wooldridge claims that he complied with the 2016 order of restrictions in his later filings. Once again, given our holding that the 2016 order of restrictions is invalid, whether Wooldridge complied with the order after the filing of his motion is not determinative of this issue.

Finally, Wooldridge also argues the district court erred in its handling of the motion to alter or amend the judgment and for leave to file posttrial motions. Given our holding reversing the district court's denial of Wooldridge's motion for DNA testing—the gravamen of Wooldridge's appeal—the district court's subsequent rulings reaffirming its denial of the motion are moot.

For its part, the State briefly argues that, regardless of any procedural infirmities, the district court's denial of Wooldridge's motion was proper because—on the merits—he "was not convicted of either murder in the first degree or rape. As such, as a matter of law, K.S.A. 21-2512, does not establish standing on the [part] of the defendant to seek such DNA testing." Because Wooldridge was convicted of *attempted* rape, the State argues this statute does not apply.

We decline to review the State's argument for several reasons. First, it is apparent the district court did not consider or rule on the merits of Wooldridge's motion, including whether the provisions of K.S.A. 2018 Supp. 21-2512 apply to the defendant's conviction for attempted rape. The district court's denial of the motion was based solely on procedural grounds. Given that the State did not raise this issue below and the district

8

court did not rule on it, this argument is not appropriate for appellate review. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014) (As a general rule, issues not raised before the district court may not be raised on appeal.).

Second, the State's argument consists of only three sentences. Given its brevity and lack of case citation, this argument is abandoned. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018) (Issues not adequately briefed are deemed waived or abandoned.); *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015) (A point raised incidentally in a brief and not argued therein is also deemed abandoned.). Of note, Wooldridge did not file a reply brief to address the State's argument.

Moreover, the State's argument deserves full briefing and argument by the parties. While Kansas caselaw has not addressed whether K.S.A. 2018 Supp. 21-2512 applies to attempted rape convictions, our Supreme Court has applied the statute to include DNA testing for individuals convicted of similar crimes. For example, the statute applies to an individual convicted of aggravated criminal sodomy. See *State v. Denney*, 278 Kan. 643, Syl. ¶ 2, 101 P.3d 1257 (2004). Our court also applied the DNA testing statute to an individual convicted of aggravated indecent liberties with a child under the specific facts of the case. See *State v. Kelsey*, 51 Kan. App. 2d 819, 820, 829, 356 P.3d 414 (2015). On the other hand, our court, in an unpublished opinion, declined to extend the DNA testing statute to an *attempted* first-degree murder conviction under an equal protection analysis. See *State v. Gaither*, No. 103,232, 2011 WL 588509, at *3 (Kan. App. 2011) (unpublished opinion). In short, without appropriate legal research, briefing, and argument by the parties, the State's legal point may not be considered for the first time on appeal.

Finally, in his claim for relief, Wooldridge asks our court to remand with directions to allow him the opportunity to be heard on the subject of the 2016 order of restrictions. Given that we have reversed and vacated that particular order, Wooldridge's

9

claim for relief is moot. Wooldridge also asks for a remand in order that the district court may rule on the merits of his motion for DNA testing. We agree.

Accordingly, we reverse and vacate the 2016 order of restrictions. We also reverse the district court's denial of Wooldridge's motion for DNA testing pursuant to K.S.A. 2018 Supp. 21-2512 and remand with directions to the district court to consider the merits of this motion in accordance with the statute.

Reversed and remanded with directions.